IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS   CENTRAL DIVISION

**JASHAWN SANDERS**                                                    **PLAINTIFF**

**V.**                    Case No. 4:24-cv-796 JM

**LOUIS DEJOY, Postmaster General and UNITED STATES POSTAL SERVICE**
**DEFENDANTS**

## ORDER

On September 18, 2024, Plaintiff Jashawn Sanders paid the filing fee and initiated this employment discrimination case against Defendants under Title VII, 42 U.S.C. § 2000 *et seq*. (Doc. 1). Defendants moved to dismiss for failure to state a claim (Doc. 6), and Sanders has responded (Doc. 9). For the reasons stated below, Defendants' motion (Doc. 6) is GRANTED. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Sanders does not meet these standards.

In the complaint, Sanders says that he suffered "[d]isparate treatment, untimely removal, disability, breach of contract, and union fraud." (Doc. 1, at 1). He did not, however, offer any specifics, insisting instead that he would be able to prove his case through discovery. (*Id*. at 2–3). The "doors of discovery" do not unlock "for a plaintiff with nothing more than conclusions." *Igbal*, 556 U.S. at 678–79.

Had the filing fee not been paid, this case would not have survived screening for the same reasons now asserted by Defendants. Sanders offers no factual explanation to support the allegations. Even liberally reading Sander's papers (and considering the few facts presented in response to this motion) (Doc. 9), the Court cannot determine the substance of his allegations. As just some examples, Sanders has provided absolutely no information as to the capacity he was employed, the time frame he was employed, why he was fired, whether he is in a class protected under Title VII, how he was treated disparately from others, whether he had a protected disability, or how he was defrauded. Sanders claims are completely conclusory. *Iqbal*, 556 U.S. at 678.

The motion to dismiss (Doc. 6) is GRANTED. This case is dismissed without prejudice.

IT IS SO ORDERED this 12th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE